UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TRISTAN HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 12-210-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD B. IVES, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Tristan Haynes is currently confined at United States Penitentiary – McCreary in Pine Knot, Kentucky. He has filed a *pro se* civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Haynes alleges that Defendants Richard B. Ives, Warden, Shannon D. Withers, Associate Warden, Stephanie Martin, Provider, Marc Anthony Bryant, Admitting Physician, Karen Bennett-Baker, Nurse Physician, R. Jones, Health Services Administrator, and L. Stephens, Health Services Administrator, (all prison officials at USP-McCreary), have failed to provide adequate care and treatment to his serious medical needs. Haynes seeks a transfer to a facility where he can allegedly receive proper medical attention, punitive damages of $900,000.00, and compensatory damages of $100,000.00 for the alleged permanent damage to his skin.

**I.**

Because Haynes has been granted pauper status and is asserting claims against government officials, the Court screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Both of these statutory sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Haynes' claims against Warden Ives and Associate Warden Withers will be dismissed because he does not allege that they had any active involvement in the decisions made by medical personnel in treating his skin condition. The action will be permitted to go forward regarding the remaining defendants, and the Court will direct these defendants to file an Answer to the Complaint.

**II.**

Haynes contends that in early 2010 he sought treatment for a skin condition on his face that initially was thought to be acne. He claims that medical personnel informed him that the Bureau of Prisons ("BOP") does not treat acne. As a result, Hanes was advised to obtain an over-the-counter acne medication in the commissary. [Record No. 1, p. 4] Haynes states that the medication obtained from the commissary was ineffective. [*Id.*] He claims his skin condition worsened, appeared to be infected, and began oozing blood and pus. [*Id.*] Haynes returned to sick call repeatedly seeking treatment for this condition. He alleges that he was treated with penicillin, but that it did not alleviate the condition. Ultimately, a culture was taken and he received "some type of injection." [*Id.*] Haynes claims that the treatment he received

from the USP-McCreary medical staff did not remedy his skin disorder and that it continued to worsen, was painful, and left him with scarred skin. Haynes also alleges that his skin disorder was ultimately diagnosed as staphylococcus epidermis, which is resistant to most of the treatments he has received. [*Id.*] Further, Haynes alleges that at the time he filed this Complaint his face, head, chest, hand, back, and leg exhibit this condition, which continues to be untreated. [*Id.*]

The exhibits attached to his complaint reflect that Haynes was examined and evaluated by Stephanie Martin, FNP, at the Health Services Unit, on March 1, 2012. Ms. Martin summarized this visit, finding:

> Subjective: 29 year old gentleman that states he has been seen repeatedly (more than 12 times in the last year) for what has been diagnosed as acne and keloids. He states that no matter the treatment it has gotten progressively worse. He presents extremely upset, stating he is under a great deal of stress. He is aware that the BOP does not treat acne, but his condition is suporative and seems to be worsening even with administration of antiobiotics [*sic.*]. Patient states he has tried everything in the commissary he can think of and currently is using neutrogena which he feels helps. Patient has had multiple cultures done. See reports. Last culture exhibited yeast. Patient denies all other problems or concerns. He complains of fatigue. Patient advised we will do routine health screening to make sure there are no other causatives and also I recommend possibly treatment for stress/anxiety as it this [*sic.*] may help alleviate the heightened level of the outbreaks. Patient hygiene measures reviewed.

[Record No. 1-1, p. 7]

Martin reported that the examination of Haynes' skin showed "pustules, comedomes [*sic.*], keloids scattered over face copiously and extending to his trunk and back. Areas inflamed and swollen to face." [Record No. 1-1, p. 8] She prescribed metroNIDAZOLE

tablets, Fluconazole tablets, and busPIRone tablets. [*Id*. at 8-9] Martin also advised Haynes to return to sick call as needed and to follow-up in two weeks. [*Id.*]

Haynes claims that the defendants have been deliberately indifferent to his serious medical needs by: (i) misdiagnosing his skin disorder, (ii) continuing to prescribe medication that was ineffective to remedy the skin condition, and (iii) not referring him to a dermatologist to treat this skin disorder before his skin became permanently damaged by condition.

Prior to filing this action, Haynes filed Administrative Remedy No. 647036. He alleged that the USP-McCreary Health Services Unit had failed to properly diagnose and treat his ailment, and he requested to be referred to a dermatologist outside the prison. Haynes has exhausted Administrative Remedy No. 647036. Haynes also filed a second administrative remedy — Administrative Remedy No. 687842 — concerning alleged misconduct by medical staff personnel relative to this same skin disorder matter. [Record No. 1-1, pp. 28-29] It is not clear from the documents attached to his Complaint that Haynes has exhausted Administrative Remedy No. 687842. To the extent that exhaustion of Administrative Remedy No. 687842 is uncertain, it should be decided on a more fully developed record. *See Jones v. Bock*, 549 U.S. 199, 200-01 (2007).

### III.

With the exception of Warden Ives and Associate Warden Withers, the remaining defendants must respond to Haynes' Complaint. Because the theory of *respondent superior* cannot form the basis of liability in a *Bivens* civil rights action, Warden Ives and Associate Warden Withers cannot be held liable to Haynes under this theory. *Polk County v. Dodson*, 454

U.S. 312, 325-27 (1981). Instead, liability must be premised on direct or personal involvement of the named defendant, and any defendant without personal involvement or participation in the alleged unconstitutional act must be dismissed. *See Winkelman v. John Doe, et al.*, No. 07-CV-98-GFVT, 2007 WL 2251893, at *3 (E.D. Ky., Aug. 7, 2007) (citations omitted); *see also Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Kesterson v. Luttrell*, 172 F.3d 48 (Table) (6th Cir. Dec. 15, 1998). Thus, when a complaint is filed against a federal official in his individual capacity, liability exists only where it can be affirmatively shown that the official personally acted in depriving the plaintiff of his constitutional rights, or knew of substantial violations, but took no action under his control. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Haynes' Complaint fails to explain how Warden Ives and Associate Warden Withers caused or participated in the alleged unconstitutional conduct. The medical records indicate that neither Warden Ives nor Associate Warden Withers had any direct or personal involvement in Haynes's medical treatment. Accordingly, his *Bivens* claim against Warden Ives and Associate Warden Withers will be dismissed. *See Dodson*, 454 U.S. at 325-27; *see also Winkelman*, 2007 WL 2251893, at *3.

The Court will direct the remaining defendants to respond to the allegations in Haynes' Complaint. Since Haynes has been granted pauper status, an officer of the court will serve process on his behalf. *See* Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). The Clerk's Office and the Office of the United States Marshal ("USM Office"), therefore, will be directed to serve the summons and Complaint as set forth below.

Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Haynes' claims against Richard B. Ives, Warden, USP-McCreary, and Shannon D. Withers, Associate Warden, USP-McCreary, are **DISMISSED**, with prejudice. Defendants Ives and Withers are **DISMISSED** from this action.

2. The Clerk of the Court shall prepare the documents necessary for service of process upon the remaining USP-McCreary defendants, in their individual capacities:

    a.  Stephanie Martin, Provider;

    b.  Marc Anthony Bryant, Admitting Physician;

    c.  Karen Bennett-Baker, Nurse Physician;

    d.  R. Jones, Health Services Administrator; and

    e.  L. Stephens, Health Services Administrator.

3. The Clerk of the Court shall prepare a "Service Packet" consisting of the following documents for service of process upon the United States of America:

    a.  a completed summons form;

    b.  the Complaint and attachments thereto [Record No. 1];

    c.  this Order; and

    d.  a completed USM Form 285.

4. Additionally, the Clerk of the Court shall make five sets of copies of the above-described documents, each set containing the following:

    a.  copies of all completed summons forms issued for the defendants;

      b.      copies of all completed USM Forms 285;

      c.      one copy of the Complaint and all attachments [Record No. 1]; and

      d.      one copy of this Order.

5.      The Clerk shall present the Service Packet(s) and copies to the USM Office in London, Kentucky.

6.      Service of Process upon Defendants: (i) Stephanie Martin, Provider; (ii) Marc Anthony Bryant, Admitting Physician; (iii) Karen Bennett-Baker, Nurse Physician; (iv) R. Jones, Health Services Administrator; and (v) L. Stephens, Health Services Administrator, shall be conducted by the USM Office in London, Kentucky, by serving a Service Packet personally upon the defendants, through arrangement with the Federal Bureau of Prisons.

The USM Office is responsible for ensuring that each defendant is successfully served with process. In the event that an attempt at service upon a defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

7.      The USM Office must complete service on the named defendants by serving the copies described in above paragraph 4 by certified or registered mail to:

      a.      one set of the copies to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

      b.      one set to the Office of the Attorney General of the United States in Washington, D.C.; and

      c.      one set to the Office of the Federal Bureau of Prisons in Washington, D.C.

      8.      The plaintiff must immediately advise the Clerk's Office of any change in his current mailing address.  **Failure to do so may result in dismissal of this case**.  The plaintiff must communicate with the Court **solely** through notices or motions filed with the Clerk's Office.  **The Court will disregard correspondence sent directly to the judge's chambers.**

      9.      With every notice or motion filed with the Court, the plaintiff **must** (a) mail a copy to each defendant (or his or her attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to each defendant (or his or her attorney) and the date on which this was done.  **The Court will disregard any notice or motion that does not include this certification.**

This 20th day of May, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge